IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

**ALBERT CRAFT, JR.**     **PETITIONER**

v.     **CRIMINAL NO. 1:12-cr-79-LG-RHW**
    **CIVIL NO. 1:16-cv-233-LG**

**UNITED STATES OF AMERICA**     **RESPONDENT**

### ORDER DENYING MOTION MADE PURSUANT TO 28 U.S.C. § 2255 AND DENYING AS MOOT MOTION FOR VOLUNTARY DISMISSAL

BEFORE THE COURT is the [72] Motion to Vacate, Set Aside, or Correct a Federal Sentence Pursuant to 28 U.S.C. § 2255 filed by Defendant Albert Craft, Jr. Craft was sentenced to 63 months and three years supervised release for being a felon in possession of a firearm. In his § 2255 Motion, Craft challenges the constitutionality of the United States Sentencing Guideline § 4B1.2(a)(2)[1] and further argues that his previous Mississippi state court conviction for robbery should not be considered a "crime of violence" under § 4B1.2(a). Having reviewed the applicable law, the Court finds that Craft's Motion should be denied. Craft's Motion for Voluntary Dismissal [75] will be denied as moot.[2]

Section 2255 provides four grounds for relief: (1) "that the sentence was imposed in violation of the Constitution or laws of the United States;" (2) "that the

---

[1] Craft was sentenced under U.S.S.G. § 2k2.1 which expressly adopts the "crime of violence" definition stated in § 4B1.2(a) and Application Note 1 of the Commentary to § 4B1.2. Section 4B1.2(a)(2) was amended on March 10, 2017, however, the Court must analyze the text at the time of sentencing.

[2] The Government objected to Defendant's Motion for voluntary dismissal.

1

court was without jurisdiction to impose such sentence;" (3) "that the sentence was in excess of the maximum authorized by law;" and (4) that the sentence is otherwise "subject to collateral attack." 28 U.S.C. § 2225(a). Craft contends that: (1) the residual clause in § 4B1.2(a)(2) is unconstitutionally vague; and (2) his prior Mississippi state court conviction for robbery is not a "crime of violence" under § 4B1.2(a) because (a) robbery does not meet the physical force requirement of § 4B1.2(a)(1); and (b) robbery is not an enumerated crime under § 4B1.2(a)(2) because it is enumerated in the Commentary to § 4B1.2, but not the body of § 4B1.2(a)(2). The Court discusses each contention in turn below.

**(1) "Unconstitutionally Vague"**

In *Johnson v. United States*, 135 S. Ct. 2551 (2015), the United States Supreme Court held that the residual clause of the Armed Career Criminal Act (ACCA), 18 U.S.C. § 924(e)(2)(B), was unconstitutionally vague because "the indeterminacy of the wide-ranging inquiry required by the residual clause both denies fair notice to defendants and invites arbitrary enforcement by judges." *Id*. at 2557. The *Johnson* Court left open the question, however, of whether the identically worded residual clause contained in Sentencing Guideline § 4B1.2(a)(2) – challenged here by Craft – was constitutional.

On March 6, 2017, the Court answered that question in *Beckles v. United States*, 137 S. Ct. 886 (2017). Specifically the Court found that "[u]nlike the ACCA, . . . the advisory guidelines do not fix the permissible range of sentences." *Id*. at 892.

"To the contrary, they merely guide the exercise of a court's discretion in choosing an appropriate sentence within the statutory range." *Id*. "Accordingly, the Guidelines are not subject to a vagueness challenge under the Due Process Clause. The residual clause in § 4B1.2(a)(2) therefore is not void for vagueness." *Id*. Thus, pursuant to *Beckles*, the Court finds that Craft is not entitled to 2255 relief based on the challenge that § 4B1.2(a)(2) is unconstitutionally vague. *See, e.g., United States v. Garza*, No. 2:11-CR-117-1, 2017 WL 932933, at *2 (S.D. Tex. Mar. 8, 2017).

**(2) "Crime of Violence"**

Craft's argument pertaining to the physical force requirement of § 4B1.2(a)(1) necessarily assumes that the residual clause is unconstitutional, which *Beckles* holds it is not. Because Craft has not challenged whether robbery qualifies as a "crime of violence" under the residual clause, the Court need not decide whether robbery also qualifies under the physical force clause of § 4B1.2(a)(1). *See, e.g., United States v. Rodriguez*, 664 F.3d 1032, 1036 (6th Cir. 2011) (explaining that a prior felony can be considered a "crime of violence" if it is one of the enumerated offenses in the Commentary; meets the elements of the "physical force" clause; or qualifies under the "residual clause"); *United States v. Tibbs*, No. 15-1060, 2017 WL 1314933, at *4 (6th Cir. Apr. 10, 2017) ("However, in light of *Beckles*, we need not parse the Michigan armed robbery statute to determine whether it satisfies the force-as-an-element clause because it qualifies as a crime of violence under the residual clause of U.S.S.G. 4B1.2(a)."). But even so, courts have ruled that the

3

Mississippi robbery statute does meet the physical force requirement. *See, e.g., United States v. Culpepper*, No. 3:12-CR-00118-CWR-FKB-10, 2017 WL 658777, at *3 (S.D. Miss. Feb. 15, 2017).

Furthermore, Craft again relies on *Johnson* in arguing that robbery is not a "crime of violence" under § 4B1.2(a) because it is an enumerated offense under the Commentary to § 4B1.2, but not in the body of § 4B1.2(a)(2). *Beckles* is dispositive of this issue, as well. Because *Beckles* held that the residual clause in § 4B1.2(a)(2) is not void for vagueness, "[t]he residual clause therefore provides a textual hook for the Guideline commentary's list of enumerated offenses, making the commentary consistent with and an interpretation or explanation of § 4B1.2 text." *United States v. Garces*, No. 16-40699, 2017 WL 1382069, at *1 (5th Cir. Apr. 18, 2017). Thus, Craft's argument in this respect is likewise without merit.

**IT IS THEREFORE ORDERED AND ADJUDGED** that Petitioner Albert Craft, Jr.'s [72] Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence is **DENIED**.

**IT IS FURTHER ORDERED AND ADJUDGED** that Petitioner Albert Craft, Jr.'s [75] Motion for Voluntary Dismissal is **DENIED** as moot.

**SO ORDERED AND ADJUDGED** this the 21st day of June, 2017.

*s/ Louis Guirola, Jr.*
LOUIS GUIROLA, JR.
CHIEF U.S. DISTRICT JUDGE